1

JS-6

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 In re ROBERT W. HUNT M.D., a medical corporation,<br><br>12      Debtor,<br><br>13 _____<br><br>14 PELI POPOVICH HUNT, CARMEN POPOVICH, MIGUEL POPOVICH, and GASTON POPOVICH,<br><br>15      Appellants,<br><br>16      v.<br><br>17 PETER C. ANDERSON, U.S. Trustee, DAVID M. GOODRICH, Chapter 7 Trustee, and ELISSA MILLER, Chapter 7 Trustee,<br><br>18<br><br>19      Appellees. | No.   CV 20-2676 PA<br><br>OPINION ON APPEAL FROM BANKRUPTCY COURT<br><br>Bankruptcy Case No. 2:11-bk-58228-ER |

20

21      Before the Court is a pro se appeal filed by Peli Popovich Hunt ("Hunt"), Carmen

22 Popovich, Miguel Popovich, and Gaston Popovich (collectively, "Appellants").  Appellants

23 challenge the Bankruptcy Court's February 14, 2020 Order rejecting a document presented

24 for filing by Hunt pursuant to the Court's Order determining Hunt to be a vexatious litigant.

25 Appellants also challenge the Bankruptcy Court's March 9, 2020 Order Granting

26 Compromise Motion and Approving Stipulation Between Elissa D. Miller, Chapter 7

27 Trustee for the Estate of Peli Popovich Hunt, and David M. Goodrich, Chapter 7 Trustee for

28 the Estate of Robert W. Hunt, M.D., a Medical Corporation.

1    Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the

2    Court finds that this matter is appropriate for decision without oral argument.  For the

3    reasons discussed below, the Court hereby DISMISSES this appeal for failure to comply

4    with the Pre-Filing Order issued in 15-667 AG, which determined Hunt to be a vexatious

5    litigant and set forth specific pre-filing requirements that Hunt must satisfy in order to

6    initiate an bankruptcy appeal.  In the alternative, the Court AFFIRMS the Bankruptcy

7    Court's Orders on the basis that there was no abuse of discretion.

8    **I.    <u>Background</u>**

9    On October 16, 2014, the Bankruptcy Court issued an Order determining Peli

10   Popovich Hunt, individually and as Trustee of the Robert and Peli Hunt Living Trust and as

11   agent of Robert W. Hunt M.D., a Medical Corporation, to be a vexatious litigant.  The

12   Bankruptcy Court imposed pre-filing requirements against Hunt, instructing her that if she

13   seeks to file any further pleadings in this case, she must first deliver a copy of the pleadings

14   to chambers.  The Bankruptcy Court would approve all filings it deems not to be frivolous or

15   duplicative.

16   On February 4, 2020, Appellee David M. Goodrich filed a Motion for Order

17   Authorizing and Approving a Stipulation Between Elissa D. Miller, Chapter 7 Trustee for

18   the Estate of Peli Popovich Hunt, and David M. Goodrich, Chapter 7 Trustee for the Estate

19   of Robert W. Hunt, M.D., a Medical Corporation pursuant to Bankruptcy Rule 9019

20   ("Compromise Motion").  On February 14, 2020, Hunt presented for filing a "Notice of

21   Opposition and Request for a Hearing" in response to the Compromise Motion.  That same

22   day, the Bankruptcy Court issued an order rejecting Hunt's proposed opposition brief,

23   finding that it was duplicative and frivolous and therefore was barred by the October 16,

24   2014 Vexatious Litigant Order.  The Clerk of the Court was directed to not enter the

25   proposed opposition brief on the docket.  On March 9, 2020, the Bankruptcy Court granted

26   the Compromise Motion and approved the Stipulation between the Chapter 7 Trustees.

27   On March 23, 2020, Appellants filed a Notice of Appeal.  The Notice of Appeal

28   identifies the Bankruptcy Court's February 14, 2020 Order as the subject of appeal.  (<u>See</u>

-2-

Dkt. 1 at 2-3 (subject of appeal is the "denial of leave to file opposition" and Appellants state that "[t]he notice of appeal (NOA) . . . takes the February 14, 2020 order . . . up on appeal.").) Appellants then filed an Errata and Amended Notice of Appeal, which appears to indicate that Appellants is also appealing the Court's March 9, 2020 Order granting the Compromise Motion. (See Dkt. 2 at 2-3 (subject of appeal includes both "denial of leave to oppose" and "order grant [sic] compromise and compatuation [sic]").) Appellants have filed an Opening Brief and Appendix. (Dkts. 13 and 14.) Appellee David M. Goodrich has filed an Answering Brief brief and Appendix. (Dkts. 16 and 17.)

**II.   Jurisdiction**

Title 28 U.S.C. § 158(a) gives the district court jurisdiction to hear appeals from the bankruptcy court regarding "final judgments, orders, and decrees." 28 U.S.C. § 158(a).

**III.   Standard of Review**

The Bankruptcy Court's decision to reject a proposed filing under a vexatious litigant order is reviewed for abuse of discretion. See In re Haugen, 243 F. App'x 288, 290 (9th Cir. 2007); In re Melcher, 2017 U.S. Dist. LEXIS 162760, at *4 (N.D. Cal. Sept. 30, 2017); Melcher v. Richardson, 2016 U.S. Dist. LEXIS 112502, at *3 (N.D. Cal. Aug. 22, 2016). The Bankruptcy Court's approval of a compromise is reviewed for abuse of discretion. In re Hooper, 2012 Bankr. LEXIS 680, *13 (9th Cir. B.A.P. Feb. 14, 2012) (citing In re Debbie Reynolds Hotel & Casino, Inc., 255 F.3d 1061, 1065 (9th Cir. 2001)). "A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record." In re Esterlina Vineyards & Winery, LLC, 2018 Bankr. LEXIS 760, at *8 (9th Cir. B.A.P. Mar. 13, 2018) (citing TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011)).

**IV.   Discussion**

    **A.   Failure to Comply With the Pre-Filing Order Issued in 15-667 AG**

"Federal courts can regulate the activities of abusive litigants by imposing carefully tailored restrictions under [] appropriate circumstances." Ringgold-Lockhart v. Cty. of Los

Angeles, 761 F.3d 1057, 1061 (9th Cir. 2014) (citing De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990)) (quotations omitted).  "[E]njoining litigants with abusive and lengthy [litigation] histories is one such . . . restriction that courts may impose."  Id. (citing De Long, 912 F.2d at 1147).  "Such pre-filing orders may enjoin the litigant from filing further actions or papers unless he or she first meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case."  Weissman v. Quail Lodge, Inc., 179 F.3d 1194, 1197 (9th Cir. 1999).  District courts have discretion to dismiss filings submitted in violation of a vexatious litigant order.  See Gilbert v. Rothstein, 125 F. App'x 182, 183 (9th Cir. 2005).

Hunt has initiated several bankruptcy appeals over the past few years.  See, e.g., In re Hunt, 2015 U.S. Dist. LEXIS 195073, at *3-4 (C.D. Cal. July 8, 2015) (dismissing Hunt's appeal as moot); In re Hunt, 2017 U.S. Dist. LEXIS 150310, n.1 (C.D. Cal. Sept. 15, 2017) (dismissing Hunt's appeal and noting that "Appellant [Hunt] has been declared a vexatious litigant in the past, and has a habit of submitting incoherent motions and appeals."); In re Robert W. Hunt M.D., 2020 U.S. Dist. LEXIS 80301, at *6-8 (C.D. Cal. Feb. 26, 2020) (dismissing Hunt's appeal).

On May 4, 2015, the District Court determined Hunt to be a vexatious litigant.  See In re Hunt, CV 15-667 AG, Dkt. 46 ("Pre-Filing Order").  The Court stressed that Hunt "has consistently imposed various significant burdens on the Court's resources and time by . . . filing numerous appeals from a bankruptcy adversary proceeding, incomprehensible documents, and countless errata."  (Id.)  Hunt's actions demonstrated that she "does not listen to the Court and fails to effectively advocate on her behalf.  She appears unwilling to accept any decision not in her favor."  (Id. (emphasis in original).)  The Court even found that "a vast majority of [Hunt's] filings and actions are frivolous."  (Id.)

For these reasons, the Pre-Filing Order placed several restrictions on Hunt for initiating appeals from bankruptcy case 2:11-bk-58228-ER.  Pursuant to the Pre-Filing Order, Hunt must submit to the Clerk of the Court (1) a copy of the proposed appeal or filing, (2) a letter requesting that it can be filed, (3) a copy of the 15-667 order finding Hunt

1    to be a vexatious litigant, and (4) a $100 bond.  The Clerk will then forward the documents

2    to a judicial officer for a determination whether the filing should be accepted.  The Ninth

3    Circuit concluded that the District Court did not abuse its discretion in declaring Hunt a

4    vexatious litigant and imposing these pre-filing restrictions.  See In re Hunt, 693 Fed. Appx.

5    595, 596 (2017).

6         In this case, Hunt has appealed an order from bankruptcy case 2:11-bk-58228-ER, but

7    has failed to comply with the pre-filing requirements established in the 15-667 AG Pre-

8    Filing Order.  It appears that Hunt attempted to give a $100 bond to the Bankruptcy Court

9    clerk, who refused to accept it.  (See Dkt. 2 at 3.)  Hunt failed to submit to the Clerk of the

10   Court (1) a copy of her Notice of Appeal, (2) a letter requesting that it can be filed, (3) a

11   copy of 15-667 AG Pre-Filing Order finding Hunt to be a vexatious litigant, and (4) a $100

12   bond.  Instead, Hunt filed the appeal directly with this Court, even though she has

13   successfully complied with the pre-filing requirements in other instances.  See In re Hunt,

14   2015 U.S. Dist. LEXIS 195073, at *6 ("Appellant [Hunt] has posted one or more bonds

15   complying with the Court's Order finding her a vexatious litigant. These bonds are

16   ORDERED returned to Appellant.").  Because the plain language of the Pre-Filing Order

17   issued in 15-667 AG prohibits Hunt from filing appeals without prior approval, the appeal is

18   hereby dismissed.

19        The fact that Carmen Popovich, Miguel Popovich, and Gaston Popovich are named

20   appellants, but are not bound by the 15-667 AG pre-filing requirements, does not change this

21   Court's analysis.  This appeal challenges the Bankruptcy Court's rejection of a proposed

22   opposition brief that was submitted by Hunt, not the other appellants.  The proposed brief

23   contains only Hunt's contact information and signature, and there is no indication that the

24   other appellants participated in the submission.  (Dkt. 2 at 23-24.)  Therefore, the Court

25   finds that Hunt has included the other appellants in the caption on this appeal in an attempt

26   to circumvent the pre-filing requirements imposed against her.

27        "[S]ome courts have construed pre-filing injunctions broadly to effectuate the

28   purpose of the injunction and prevent circumvention of the injunction."  In re Robert W.

1    Hunt M.D., 2020 U.S. Dist. LEXIS 80301, at *8-9 (collecting cases).  "Plaintiff should not

2    be allowed to circumvent the court that issued the order by asking this Court to narrow the

3    order or decline to enforce it."  Justice v. Koskinen, 109 F. Supp. 3d 142, 149 (D.D.C.

4    2015), aff'd, 672 F. App'x 6 (D.C. Cir. 2016); see also Tangwall v. Compton, 2020 U.S.

5    Dist. LEXIS 86503, at *3 (D. Alaska May 18, 2020) ("Tangwall . . . uses other individuals

6    and entities to make filings on his behalf to circumvent the Vexatious Litigant Order

7    entirely.  Accordingly, . . . the Court intends to enter a Supplemental Vexatious Litigant

8    Order to address Mr. Tangwall's ongoing vexatious conduct.").  For these reasons, the Court

9    construes the Pre-Filing Order issued in 15-667 AG to cover this appeal, and Appellants'

10   failure to comply with the pre-filing requirements is grounds for dismissal.

11           **B.     No Abuse of Discretion in Bankruptcy Court's Orders**

12           In the alternative, the Court finds no evidence that the Bankruptcy Court has abused

13   its discretion in the underlying bankruptcy action.  The Court has reviewed Hunt's proposed

14   "Notice of Opposition and Request for a Hearing," as well as the Bankruptcy Court's order

15   rejecting the document in accordance with its prior Vexatious Litigant Order.  Hunt's

16   proposed opposition brief was incoherent, primarily addressed irrelevant matters, and failed

17   to present any meritorious arguments as to why the Compromise Motion should be denied.

18           In rejecting this document, the Bankruptcy Court did not make any factual findings

19   that are illogical, implausible, or without support of inferences that may be drawn from the

20   facts in the record.  In other words, there was no abuse of discretion in finding that Hunt's

21   proposed brief was frivolous and duplicative, and therefore barred under the prior Vexatious

22   Litigant Order.  The Court therefore affirms the Bankruptcy Court's February 14, 2020

23   Order.  Compare Melcher, 2016 U.S. Dist. LEXIS 112502, at *6 (affirming Bankruptcy

24   Court's denial of leave to file an objection that was duplicative, lacked merit, and addressed

25   irrelevant matters in violation of pre-filing requirements); In re Erde, 2019 Bankr. LEXIS

26   3697, at *19 (9th Cir. B.A.P. Dec. 3, 2019) ("Mr. Erde . . . did not satisfy the conditions of

27   the vexatious litigant order.  The bankruptcy court correctly denied him permission to file

28   the motion to vacate.").

1       Nor did the Bankruptcy Court abuse its discretion in its March 9, 2020 Order

2   Granting the Compromise Motion and Approving the Stipulation between the Chapter 7

3   Trustees.  The Compromise Motion was filed pursuant to Bankruptcy Rule 9019, which

4   provides that "[o]n motion by the trustee and after notice and a hearing, the court may

5   approve a compromise or settlement."  Fed. R. Bankr. P. 9019(a).  The "purpose of a

6   compromise agreement is to allow the trustee and the creditors to avoid the expenses and

7   burdens associated with litigating sharply contested and dubious claims."  In re A & C

8   Props., 784 F.2d 1377, 1380-81 (9th Cir. 1986).  The law "favors compromise and not

9   litigation for its own sake."  Id. at 1381.  "The bankruptcy court has great latitude in

10   approving compromise agreements."  In re Esterlina Vineyards & Winery, LLC, 2018

11   Bankr. LEXIS 760, at *10 (9th Cir. B.A.P. Mar. 13, 2018) (quoting In re Woodson, 839 F.2d

12   610, 620 (9th Cir. 1998)).  "To approve a compromise, the bankruptcy court must be

13   satisfied that its terms are 'fair, reasonable and equitable.'"  In re Hooper, 2012 Bankr.

14   LEXIS 680, at *15 (quoting In re A & C Props., 784 F.2d at 1382).

15       The Court has reviewed the Compromise Motion, which sought an order from the

16   Bankruptcy Court authorizing and approving a Stipulation between the Chapter 7 Trustee for

17   the Estate of Peli Popovich Hunt and the Chapter 7 Trustee for the Estate of Robert W.

18   Hunt, M.D., a Medical Corporation.  See 2:11-bk-58228-ER, Dkt. 717.  If approved, the

19   Stipulation would result in the allowance of administrative expense claims and withdrawal

20   and disallowance of general unsecured claims.  The Compromise Motion was filed pursuant

21   to Bankruptcy Rule 9019, and the parties recognized that "formal objections to the claims

22   will involve a number of contested factual issues and may result in costly and protracted

23   litigation to the detriment of both the Debtor's estate and the Popovich Hunt estate."  Id. at

24   6.  The parties believed the Stipulation "eliminates the need for any litigation regarding or

25   objections to the claims," and therefore should be approved by the Court.  Id. at 7.  The

26   Bankruptcy Court granted the Compromise Motion and determined that "the Stipulation is

27   reasonable, adequate under the circumstances, and in the best interest of creditors.  See

28

-7-

1  Martin v. Kane (In re A&C Properties), 784 F.2d 1377, 1381 (9th Cir. 1986)." Id. at Dkt.

2  726 at 2.

3      The Court finds that the March 9, 2020 Order was supported by competent evidence

4  in the record.  The Bankruptcy Court's conclusion that the parties' Stipulation was fair and

5  equitable under In re A&C Properties was not illogical or implausible.  "While the court did

6  not explicitly check off each of the 'fair and equitable' factors set forth in A & C Properties,

7  it did make general findings supporting the settlement and the record clearly reflects that

8  application of these factors weighs in favor of the settlement."  In re Am. Bldg. Storage,

9  LLC, 2007 Bankr. LEXIS 4820, at *23 (9th Cir. B.A.P. Apr. 2, 2007) (affirming the

10  bankruptcy court's approval of settlement).  "[T]he court's approval was appropriate where

11  the record demonstrated that continued litigation would not necessarily benefit the estate."

12  Id. (citation omitted).  For these reasons, the Bankruptcy Court did not commit an abuse of

13  discretion in its March 9, 2020 Order.  The Court therefore affirms this order.  Compare

14  Melcher, 2016 U.S. Dist. LEXIS 112502, at *5 (affirming Bankruptcy Court's denial of

15  leave to file objection for failure to comply with pre-filing requirements, and finding "no

16  abuse of discretion by the bankruptcy court in granting the unopposed motion for

17  administrative expenses.").

18                                  **Conclusion**

19      The Court hereby DISMISSES the Appeal for failure to comply with the pre-filing

20  order issued in 15-667 AG.  In the alternative, the Court AFFIRMS the Bankruptcy Court's

21  Orders and finds there was no abuse of discretion.

22      IT IS SO ORDERED.

23

24  DATED:  September 14, 2020

25                                    _____
                                              Percy Anderson
26                                    UNITED STATES DISTRICT JUDGE

27

28

-8-